UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JERRI LEIGH JACKSON         PLAINTIFF

v.         CIVIL ACTION NO. 3:08-CV-473-S

TRANSIT AUTHORITY OF RIVER CITY         DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the court on several motions, including a motion for summary judgment, filed by the defendant, Transit Authority of River City ("TARC"). The court referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge will recommend that the court grant the defendant's dispositive motion and dismiss this suit.

## I. FINDINGS OF FACT

1) The plaintiff, Jerri Jackson, *pro se*, applied for employment as a bus operator or observer with TARC in February 2008. After TARC refused her application for employment, the plaintiff sought recourse with the Equal Employment Opportunity Commission on allegations that TARC unlawfully discriminated against her because she is disabled. Apparently, the plaintiff was determined to be disabled in October 1988 by the Social Security Disability Administration. Included with her employment application is a 2007 letter from a treating physician which indicates the plaintiff received a bladder pacemaker for the treatment of severe incontinence. The plaintiff also alleges she has mental and learning disabilities.

2) TARC disputed the EEOC charge, and after finding no basis for a statutory violation, the EEOC issued a right to sue letter. In due course, the plaintiff filed this *pro se* action under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.

Specifically, the plaintiff alleges disability discrimination and retaliation.

3) Presently, TARC moves for summary judgment on several grounds, including that there is no genuine issue of material fact that TARC denied employment based on the legitimate, non-discriminatory reason that the plaintiff has an unsuitable work history for TARC employment as a Coach Operator or a Bus Observer, positions she sought by written application. TARC argues the plaintiff's claims must be dismissed because the plaintiff cannot demonstrate a prima facie case, or the factual elements established by law to satisfy a court that disability discrimination has occurred.

4) In support of its motion, TARC tenders an affidavit of Kim Blanton, TARC's Director of Human Resources. Ms. Blanton testifies that an applicant must have at least two former employers that can be contacted as references, unless the applicant has served in the military or the applicant has a work history with an employer for fifteen years or more. The plaintiff's application failed to meet this standard, having listed two items: 24 years as a self-employed piano teacher and the attendance of the Volunteer Trucker's Training School in Murfreesboro, Tennessee, through February and March 2007. Ms. Blanton further testifies that the plaintiff was one of 1,437 applications in 2008, which resulted in the hire of 47 employees.

5) In response to Ms. Blanton's testimony, the plaintiff argues the testimony shows that TARC "illegally weeds out applicants" and cannot refute that she had "tons of piano references teaching letters of referral."[1] The plaintiff contends TARC retaliated against her "illegally for her work history."[2] And, the plaintiff argues TARC "broke the law," citing 42 U.S.C. § 2000e-2(a) and § 12112(a), Title VII and the ADA, respectively. Finally, the plaintiff

---

[1] DN 65 at 18.

[2] DN 65 at 21.

requests an extension to the discovery deadline, although she offers no specifics about the form or substance of such additional discovery.[3]

## II. CONCLUSIONS OF LAW

6) A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he moving party may demonstrate ... that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. If the nonmoving party cannot muster sufficient evidence ..., a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331-32 (1986). The pivotal issue, therefore, is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

7) Rule 8(e) of the Federal Rules of Civil Procedure further requires that pleadings must be construed "so as to do justice." This court will consider the pleadings with the traditional leniency extended to *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that the court should hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers). Although the pleadings may be construed with leniency, the law is applied equally, nevertheless, to *pro se* litigants and those represented by attorneys. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

---

[3]DN 66.

8) After a thorough review of the plaintiff's pleadings, with careful and tedious attention to the full import of the plaintiff's words, the magistrate judge must respectfully conclude that TARC is entitled to summary judgment. Much of the plaintiff's allegations, understandably, address how the plaintiff believes she has suffered grievous harm after TARC's refusal to hire. The plaintiff contends that despite her qualifications, including a commercial driver's license, and the ability to perform the essential functions of the job with or without reasonable accommodation, TARC rejected her because she is disabled.

9) As a preliminary matter, Title VII does not apply to cases where the plaintiff claims disability discrimination. *Mitchell v. Chapman*, 343 F.3d 811, 824, n.12 (6th Cir. 2003). The magistrate judge must, therefore, recommend dismissing this claim.

10) Even if considered disabled under the ADA, the plaintiff must show that she "satisfies the prerequisites for the position, such as possessing the appropriate educational background; employment experience and skills... ." *Burn v. Coca-Cola Enterprises, Inc.*, 222 F.3d 247, 256 (6th Cir. 2000) (citations omitted). In its motion for summary judgment, TARC argues, among other grounds, that the plaintiff has failed to dispute Ms. Blanton's testimony that it refused to hire the plaintiff due to the lack of a relevant work history authenticated by two prior employers.

11) The magistrate judge respectfully agrees. "[A] plaintiff may not, in defending against a motion for summary judgment, rest on mere allegations or denials of his pleadings." *Id.*, at 259. Rather, an opponent to a motion for summary judgment "must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial." *Miller v. Lorain County Bd. of Elections*, 141 F.3d 252, 256 (6th Cir. 1998). The plaintiff's reliance on the allegations in her pleadings fails to satisfy her burden of proof sufficient to

withstand summary judgment under Rule 56. The plaintiff relies on nothing more than unsubstantiated generality in her complaint, and such conclusory assertions are plainly inadequate to avoid summary judgment.

12) A nonmoving party likewise may not rely on an allegation that a jury may not believe the moving party's witnesses to avoid summary judgment. Instead, the opponent must present affirmative evidence to defeat a properly supported motion for summary judgment. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006); *Keeneland Ass'n, Inc. v. Eamer*, 830 F.Supp. 974, 984 (E.D.Ky. 1993) . Under this federal standard, the magistrate judge concludes the plaintiff fails to create a genuine issue of material fact whether TARC's stated reason, lack of relevant work history, was pretextual, or not the true reason for its decision. Rather, self-employment as a piano teacher does not meet TARC's standard for employment as the purpose of the requirement is to allow TARC to evaluate an applicant based on a third party's observations. Attendance at school plainly is not employment.

13) Likewise, the plaintiff's general request for additional discovery is insufficient to withstand a proper motion for summary judgment. FED. R. CIV. P. 56(d).

### III. RECOMMENDATION

The magistrate judge concludes there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. Accordingly, the magistrate judge recommends that the court grant summary judgment in the defendant's favor.

DATE:

cc: Counsel of Record

**N O T I C E**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.